IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REAL TIME RESOLUTIONS, INC., | § § § | |
| Plaintiff, | § § | |
| V. | § § | CAUSE NO. 3:16-cv-00608 |
| SPECIALIZED LOAN SERVICING LLC, | § § § § | |
| Defendant. | § § | |

**DEFENDANT AND COUNTER-PLAINTIFF SPECIALIZED LOAN SERVICING LLC'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND ORIGINAL COUNTERCLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant and Counter-Plaintiff Specialized Loan Servicing LLC ("SLS") and in answer to Plaintiff and Counter-Defendant Real Time Resolutions, Inc.'s ("RTR") Original Petition and Request for Disclosures ("Complaint") files its Original Answer, Affirmative Defenses, and Counterclaim as follows:

**<u>ORIGINAL ANSWER</u>**

1.  SLS denies the allegations in the first, second, and third sentences of paragraph 1. With respect to the fourth sentence of paragraph 1, SLS admits only that it terminated the Collection Agreement with RTR effective January 31, 2016 and demanded RTR transfer to SLS the loans RTR collects under the Collection Agreement, otherwise SLS denies RTR's allegations. SLS admits no wrongdoing with respect to the allegations in the fourth sentence of paragraph 1. SLS denies the allegations in the fifth sentence of paragraph 1. With respect to the

allegations in sixth sentence of paragraph 1, SLS admits only that RTR seek such relief, but denies RTR is entitled to any such relief.

2.      SLS states the allegations in paragraph 2 are inapplicable and of no effect, because this lawsuit is now proceeding in federal court and is subject to the Federal Rules of Civil Procedure and any scheduling order the Court may enter.

3.      SLS states the allegations in paragraph 3 made in accordance with Texas Rule of Civil Procedure 47(c) and the relief RTR seeks are inapplicable and of no effect, because this lawsuit is now proceeding in federal court and is subject to the Federal Rules of Civil Procedure. SLS further denies RTR is entitled to any relief.

4.      SLS states the allegations in paragraph 3 made in accordance with Dallas Courts Local Rule 1.08 are inapplicable and of no effect, because this lawsuit is now proceeding in federal court and is subject to the Local Rules of this Court.

5.      SLS admits the allegations in paragraph 5.

6.      SLS admits the allegations in the first sentence of paragraph 6. The allegations in the second and third sentences of paragraph 6 regarding service under Texas law are inapplicable and of no effect because SLS has appeared in the lawsuit and has removed the lawsuit to federal court.

7.      The allegations in paragraph 7 regarding venue and jurisdiction under Texas law are inapplicable and of no effect, because this lawsuit is proceeding in federal court and is subject to the applicable venue and jurisdiction requirements. SLS states venue is proper and this Court has jurisdiction over this lawsuit because SLS and RTR are not citizens of the same state and the amount in controversy, exclusive of interests and costs, exceeds $75,000.

8. The allegations in paragraph 8 do not require a response. To the extent a response is required, SLS incorporates paragraphs 1-7 above.

9. The allegations in the first sentence of paragraph 9 are too vague and ambiguous to permit SLS to frame a response. To the extent a response is required, SLS denies the allegations. With respect to the allegations in the second, third, fourth, and fifth sentences of paragraph 9, SLS lacks knowledge or information sufficient to form a reasonable belief as to the truth of the allegations. To the extent a response is required, SLS denies the allegations.

10. With respect to the allegations in the first sentence of paragraph 10, SLS admits only that SLS and RTR entered the February 1, 2013 Collection Agreement ("Collection Agreement"). SLS otherwise denies the allegations in the first sentence of paragraph 10. The allegations in the second sentence of paragraph 10 state legal conclusions to which no response is required. To the extent a response is required, SLS admits only the Collection Agreement speaks for itself, and otherwise denies the allegations. The allegations in the third sentence of paragraph 10 state a legal conclusion to which no response is required. To the extent a response is required, SLS admits only it has not directly transferred loans to RTR for collection and that RTR continues to collect the loans subject to the Collection Agreement, despite SLS's termination of RTR's right to do so effective January 31, 2016. SLS otherwise denies the allegations.

11. With respect to the allegations in the first and second sentences of paragraph 11, SLS admits only the SLS Termination Notice and appended schedule(s) speak for themselves and otherwise denies the allegations. The allegations in the third sentence of paragraph 11 state a legal conclusion to which no response is required. To the extent a response is required, SLS denies the allegations.

12. With respect to the allegations in paragraph 12, SLS admits only that the Collection Agreement speaks for itself and otherwise denies the allegations.

13. The allegations in paragraph 13 state a legal conclusion to which no response is required. To the extent a response is required, SLS admits only that the Collection Agreement speaks for itself and otherwise denies the allegations.

14. SLS denies the allegations in paragraph 14.

15. With respect to the allegations in the first sentence of paragraph 15, SLS admits only RTR contested its right to terminate under paragraph 8.2 of the Collection Agreement and filed the lawsuit RTR references, but denies RTR had any legal or factual basis for contesting SLS's right to terminate and denies RTR was entitled to any of the relief it sought in the lawsuit. The allegations in the second sentence of paragraph 15 are too vague and ambiguous to permit SLS to frame a response and state a legal conclusion to which no response is required. To the extent a response is required, SLS has attempted without success to resolve its dispute with RTR and otherwise denies the allegations. The allegations in the third sentence of paragraph 15 state legal conclusions to which no response is required. To the extent a response is required, SLS denies the allegations.

16. RTR's Complaint does not contain a paragraph 16.

17. With respect to the allegations in the first sentence of paragraph 17, SLS admits only that the SLS non-Extension Notice speaks for itself and otherwise denies the allegations. The allegations in the second sentence of paragraph 17 state a legal conclusion to which no response is required. To the extent a response is required, SLS admits only that it is seeking transfer of all loans subject to the Collection Agreement and otherwise denies the allegations.

18. With respect to the allegations in paragraph 18 of the Complaint, SLS admits only that the Collection Agreement speaks for itself.

19. SLS denies the allegations in paragraph 19.

20. SLS denies the allegations in paragraph 20.

21. SLS denies the allegations in paragraph 21.

22. SLS denies the allegations in paragraph 22.

23. The allegations in paragraph 23 do not require a response. To the extent a response is required, SLS incorporates paragraphs 1 through 23 above.

24. SLS admits the allegations in the first sentence of paragraph 24. With respect to the allegations in the second sentence of paragraph 24, SLS admits RTR seeks such relief, but denies RTR is entitled to any such or other relief. With respect to the allegations in the third sentence of paragraph 24, SLS admits RTR seeks such relief, but denies RTR is entitled to any such or other relief.

25. The allegations in paragraph 25 state a legal conclusion to which no response is required. To the extent a response is required, SLS states the allegations regarding Texas Civil Practice & Remedies Code Chapter 37 are inapplicable and of no effect, because this lawsuit is now in federal court and otherwise denies the allegations.

26. SLS denies the allegations in the first sentence of paragraph 26. The allegations in the second sentence of paragraph 26 state legal conclusions to which no response is required. To the extent a response is required, SLS admits only that RTR seeks such relief, but denies RTR is entitled to any such or other relief. Further, SLS states the allegations regarding Texas Civil Practice & Remedies Code Chapter 37 are inapplicable and of no force and effect, because this lawsuit is now in federal court and otherwise denies the allegations.

27. The allegations in paragraph 27 do not require a response. To the extent a response is required, SLS incorporates paragraphs 1 through 26 above.

28. The allegations in paragraph 28 state legal conclusions to which no response is required. To the extent a response is required, SLS admits only that the Collection Agreement speaks for itself and otherwise denies the allegations.

29. SLS denies the allegations in paragraph 29.

30. SLS denies the allegations in paragraph 30.

31. SLS denies the allegations in paragraph 31. With respect to the allegations in the second sentence of paragraph 31, SLS states only that RTR seeks such relief, but denies RTR is entitled to such or any other relief.

32. The allegations in paragraph 32 are inapplicable and of no effect, because this lawsuit is now proceeding in federal court.

33. With respect to RTR's prayer for relief, SLS states only that RTR seeks such relief, but denies RTR is entitled to such or any other relief.

34. SLS denies each and every allegation not expressly admitted, qualified, or otherwise pleaded herein, including, but not limited to, those contained in headings, exhibits, and the prayer for relief.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof, SLS asserts the following defenses:

1. RTR's claims are barred because they fail to state a claim upon which relief can be granted.

2. RTR's claims are barred in whole or in part by the statute of frauds, parol evidence rule, and merger.

3. RTR's attorney's fees are not recoverable, reasonable, or necessary.

4.    RTR's claims are subject to and/or barred by the terms of applicable contracts.

5.    RTR has not incurred any injury or damage.

6.    SLS's conduct was not the proximate cause of the damages alleged in the Complaint.

7.    RTR's claims are barred in whole or in part by RTR's prior material breach of the contract.

8.    SLS reserves the right to assert such other and further defenses as may become appropriate.

## ORIGINAL COUNTERCLAIM

SLS files this Original Counterclaim against RTR.  As grounds therefor, SLS states the following:

**A.    PARTIES**

1.    RTR has already appeared in this case.  SLS is a limited liability company, which has no members that are citizens of Texas.

2.    RTR is a Texas corporation which maintains its principal office in Dallas, Texas.

**B.    JURISDICTION AND VENUE**

3.    This counterclaim arises out of the same contract and transactions that form the basis of RTR's claims in this lawsuit.  This Court has diversity jurisdiction because RTR and SLS are not citizens of the same state and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  Thus, venue and jurisdiction are proper.

**C.    FACTS**

4.    Effective February 1, 2013, SLS and RTR entered into the Collection Agreement. The Collection Agreement defines and refers to SLS as Servicer and defines and refers to RTR

as Contractor. *See* Collection Agreement § 1.10. By the Collection Agreement, SLS engaged RTR to act as its sub-contractor with respect to certain charged-off loans (the "Loans") SLS services under pooling and servicing agreements with various trusts. *Id.*

5. The Collection Agreement authorizes RTR to collect the Loans in accordance with its terms. *See, e.g.*, *id.* § 3.1. Under the Collection Agreement SLS pays RTR a monthly Contractor Fee. *Id.* § 3.1(b). The monthly Contractor Fee is thirty percent (30%) of the Net Recoveries for the month. *Id.* §§ 1.7-1.8, 1.15. The Net Recoveries include any property or cash RTR collects on the Loans "less all incurred and unreimbursed Ancillary Charges which are permitted, pursuant to Section 1.1, to be allocated to such Loans and recovered from such Proceeds." *Id.* § 1.15; *see also id.* § 1.17. SLS also reimburses RTR for certain costs incurred in collecting the Loans. *Id.* at 1.

6. By the Collection Agreement, RTR agreed that upon a termination of the Collection Agreement it would provide SLS the data and documents necessary to continue collecting on the loans and cooperate with SLS to effect the transfer of the loan. § 8.5.

7. The original term of the Collection Agreement was one year, and the collection Agreement automatically extends for successive one year terms ("Extension Term"), unless SLS provides RTR written notice of its intent not to extend the Collection Agreement 30 days before the end of the Extension Term. *Id.* §§ 1.20, 8.1.

8. On December 31, 2015, SLS provided RTR written notice that it would not extend the Collection Agreement when the then current term expired on January 31, 2015. *Id.* §§ 1.20, 8.1. A true and correct copy of the December 31, 2015 notice of non-extension is attached hereto as Exhibit A and is fully incorporated by reference. By providing written notice 30 days before the end of the Extension Term, SLS terminated the Collection Agreement.

9. RTR breached the terms of the Collection Agreement when it refused to cease collecting the Loans on January 31, 2016. Rather than cease collecting the Loans and transition the Loans back to SLS as it had agreed to do, RTR continues collecting the Loans and filed this lawsuit seeking a declaration that the Collection Agreement had not been terminated.

10. RTR further breached the Collection Agreement by failing to meet its obligations under Section 8.5 of the Collection Agreement upon SLS's termination of the Collection Agreement. Specifically, RTR has failed to provide SLS all of the data and documents necessary to continue collecting the loans subject to the Collection Agreement and has failed to cooperate with SLS in effecting the transition of the loans subject to the Collection Agreement to SLS. Collection Agreement § 8.5(a), (b).

**D.   CLAIMS**

   **1.   BREACH OF CONTRACT**

11. SLS incorporates the allegations in paragraphs 4 through 10 of this Original Counterclaim.

12. The Collection Agreement is a valid, enforceable contract between SLS and RTR. Both RTR and SLS executed the Collection Agreement. By agreeing to the Collection Agreement, they obtained certain rights and incurred certain obligations.

13. SLS performed its obligations under the Collection Agreement. SLS met its payment and other obligations under the Collection Agreement. Furthermore, SLS provided RTR 30 days written notice, in accordance with the Collection Agreement, that it would not extend the term of the Collection Agreement beyond the Extension Term ending January 31, 2016.

14. RTR breached the Collection Agreement. RTR breached the Collection Agreement by refusing to cease its collection activity after SLS terminated the Collection Agreement by timely tendering its notice of non-extension term and by refusing to transition the Loans back to SLS as obligated under the Collection Agreement.

15. RTR breached the Collection Agreement by failing to provide SLS all of the data and documents necessary to continue collecting the loans subject to the Collection Agreement and failing to cooperate with SLS in effecting the transition of the loans subject to the Collection Agreement to SLS. Collection Agreement § 8.5(a), (b).

16. As a direct and proximate result of RTR's breaches of the Collection Agreement, SLS has suffered actual, nominal, and inconsequential damages. RTR's breaches have injured SLS in that RTR's refusal to cease collecting the Loans and transition the Loans back to SLS prevent SLS from collecting the Loans itself and/or hiring another contractor, which causes SLS to suffer damages. RTR's failure to provide the data and documents necessary to allow SLS to continue collecting the loans subject to the Collection Agreement and RTR's failure to cooperate with SLS in effecting the transition of the loans to SLS has caused SLS to suffer damages. SLS seeks, and is entitled to, an order requiring RTR to immediately cease collecting the Loans and transition the Loans to SLS. Additionally, SLS seeks, and is entitled to, monetary damages for the injury RTR has caused SLS by its failure to cease collecting the Loans and transition the Loans back to SLS and otherwise comply with Section 8.5 of the Collection Agreement.

## 2. DECLARATORY RELIEF

17. SLS incorporates the allegations set forth in paragraphs 4 through 16 of this Original Counterclaim.

18. Under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202, SLS seeks a declaratory judgment that by its December 31, 2015 notice of non-extension the Collection Agreement was terminated effective January 31, 2016.

19. The original term of the Collection Agreement began February 1, 2013 and extended through January 31, 2014. The collection Agreement automatically extends for an Extension Term, unless SLS provides RTR written notice of its intent not to extend the Collection Agreement 30 days before the end of the Extension Term. *Id.* §§ 1.20, 8.1. On December 31, 2015, SLS sent RTR written notice of non-extension of the then current Extension Term, which expired on January 31, 2016. *See* Ex. A. SLS seeks, and is entitled to, a declaratory judgment that its December 31, 2015 notice of non-extension terminated the Collection Agreement, effective January 31, 2016.

### 3.   ATTORNEY FEES

20. SLS incorporates the allegations set forth in paragraphs 4 through 19 of this Original Counterclaim.

21. RTR's breaches of the Collection Agreement have made it necessary for SLS to engage counsel to defend against RTR's claims and prosecute its claims for breach of contract and declaratory relief. On account of RTR's breaches of the Collection Agreement and SLS's claim for declaratory relief under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202, under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202 and Section 9.5 of the Collection Agreement, SLS seeks, and is entitled to, its reasonable and necessary attorney fees incurred in defending against RTR's claims and prosecuting its claims for breach of contract and declaratory relief.

## **PRAYER FOR RELIEF**

WHEREFORE, SLS prays that upon final hearing of, judgment be rendered that RTR take nothing by its suit and be denied any and all relief RTR seeks, and that SLS be awarded the following additional relief:

a. A final judgment ordering RTR to cease collecting and transition to SLS all of the Loans subject to the Collection Agreement;

b. A declaratory judgment that SLS terminated the Collection Agreement, effective January 31, 2016;

c. An award of all nominal, actual, and consequential damages SLS has incurred as result of RTR's breaches of the Collection Agreement;

d. An award in SLS's favor against RTR for all of the attorney fees it incurs defending against RTR's claims and prosecuting its breach of contract claims against RTR, along with all other relief necessary to make SLS whole;

e. Post-judgment interest on all such amounts from the date of judgment until paid at the maximum rate allowed by law; and

f. For such other and further relief, general and special, at law and in equity, to which SLS may be entitled.

Respectfully submitted,

/s/ Robert T. Mowrey (by perm. mkh)
Robert T. Mowrey
  State Bar No. 14607500
  rmowrey@lockelord.com
Johnathan E. Collins
  State Bar No. 24049522
  jecollins@lockelord.com
Matthew K. Hansen
  State Bar No. 24065368
  mkhansen@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Telecopy)

**ATTORNEYS FOR DEFENDANT AND COUNTER-PLAINTIFF SPECIALIZED LOAN SERVICING LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this the 3rd day of March, 2016 on counsel of record, via ECF transmission and/or certified mail, return receipt requested consistent with the Federal Rules of Civil Procedure:

Anthony A. Petrocchi
ANTHONY A. PETROCCHI, P.C.
5127 Spyglass Drive
Dallas, Texas 75287
tpetrocchilaw.net

/s/ Matthew K. Hansen
Matthew K. Hansen

**DEFENDANT AND COUNTER-PLAINTIFF SPECIALIZED LOAN SERVICING LLC'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND ORIGINAL COUNTERCLAIM** **PAGE 13**

DAL 2450673