**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| REAL TIME RESOLUTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | CAUSE NO. 3:16-cv-00608-L |
| SPECIALIZED LOAN SERVICING | § | |
| LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## AGREED PROTECTIVE ORDER

Before the court is the parties' Agreed Motion for Protective Order, filed July 20, 2016. The court determines that the motion should be, and is hereby, **granted**. Accordingly, Plaintiff Real Time Resolutions, Inc. ("RTR") and Defendant Specialized Loan Servicing LLC ("SLS") (RTR and SLS collectively are the "Parties") hereby stipulate to an Agreed Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of "Confidential Information" and "Attorneys' Eyes Only" as those terms are used below.

## INTRODUCTION

The discovery process will involve the exchange among the Parties and likely by third parties of information that the law recognizes should be protected from public dissemination; specifically the nonpublic personal information of borrowers and the confidential and proprietary information of the Parties, the Prior Servicer, and other third parties, such as competitive business information. The purpose of this Agreed Protective Order is to establish the procedures by which such information shall be defined, designated, exchanged, and otherwise protected from public disclosure.

**Agreed Protective Order - Page 1**

## AGREED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that confidentiality is afforded only to material so entitled, the Parties, by and through their respective attorneys, hereby STIPULATE AND AGREE and the Court hereby **orders** as follows:

1.      All Confidential Information (defined in Paragraph 2 herein) and Attorneys' Eyes Only (further explained in Paragraphs 8 and 9 herein) information produced or exchanged in the course of this lawsuit shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.  The provisions of this Protective Order may be invoked by a Party to this action or by a non-party producing documents in this action.

2.      Any information, document, or thing produced in connection with this litigation that is reasonably believed by any Party or third party to contain or constitute: (1) nonpublic personal information, as defined by Title V of the Gramm-Leach-Bliley Act, 15 USC § 6801, *et seq*; (2) trade secrets and/or confidential or proprietary information of such Party or a third party, including but not limited to nonpublic pricing, schematics, designs, specifications, evaluations, competitive analyses, customer lists, financial information, social security numbers, and other customer-related information of such Party or third parties, including those protected by subsection (1) above; or (3) other confidential material, may be designated as "Confidential" ("Confidential Information"). As used herein, Confidential Information may include, but is not limited to: (a) all paper, tapes, documents (including answers to document requests, interrogatories, and requests for admission), disks, correspondence, diskettes, electronic documents, files or data, and other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of

depositions herein and exhibits thereto; (c) all copies, extracts, and complete or partial summaries or charts or notes prepared or derived from such papers, documents or things, and (d) expert reports.  Before designating any Confidential Information, the designating Party's counsel shall make a good faith determination that the information warrants protection.  The handling of such Confidential Information shall be made in accordance with the terms of this Order.

3.      The designation of Confidential Information may be made by marking or otherwise identifying the material in writing as "Confidential" or as "Attorneys' Eyes Only," as explained below.

4.      If a producing Party inadvertently fails to mark Confidential Information and/or Attorneys' Eyes Only information as such upon its production, such Party may subsequently designate the produced information as Confidential Information by giving written notice to the receiving Party and providing properly marked or designated copies within fourteen (14) days of the date that the producing Party actually discovers that it failed to properly designate.  Deposition transcripts and exhibits thereto may be designated as Confidential Information on the record at the deposition or may be designated within a period of twenty (20) days (or such longer period if the Parties so agree) after receipt of the transcript from the court reporter.  During the pendency of the twenty-day period set forth in the preceding sentence, and unless otherwise agreed to by the Parties, all deposition transcripts and exhibits shall be effectively deemed Confidential Information until the expiration of this twenty-day period and a Party's failure therein to designate the information as confidential.

5.      At any time, if any Party believes that a document or other information which has been designated as "Confidential" or "Attorneys' Eyes Only" is not entitled to protection, that Party will promptly notify the disclosing Party of its objection, identify the document(s) or

information which is the subject of the objection and state the basis for the objection. Counsel for the Parties shall attempt to reach an agreement regarding the status of that document(s) or information within ten (10) business days after receipt of the objection. If no agreement can be reached within ten (10) business days of receipt of the objection, the Party making the designation may seek relief from the Court by motion within twenty (20) business days thereafter to obtain confirmation from the court that the document or information was properly designated as "Confidential" and/or "Attorneys' Eyes Only." Until the dispute is resolved, the document or information shall be treated as designated (i.e., as "Confidential Information" or "Attorneys' Eyes Only") and shall be subject to the terms of this Order. If the Party does not seek relief from the Court as set forth above, the document or information sought shall not be entitled to protection under this Order absent further Order from the Court.

6.     All Confidential Information and Attorneys' Eyes Only information received shall be used solely in connection with, and only as necessary to, this litigation and the preparation and trial of this case, and for no other purpose, including without limitation any other litigation, administrative proceeding, and/or any business, competitive, or governmental purpose or function.

7.     Confidential Information may only be disclosed to the following Qualified Persons:

(a.)     Outside counsel of record for any Party to this action;

(b.)     Paralegal, stenographic, clerical and secretarial personnel employed by counsel listed in (a) (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained by outside counsel);

**Agreed Protective Order - Page 4**

(c.)   In-house counsel employed by and/or outside counsel engaged by a Party to this action (including their attorneys and staff whose functions require access to such information);

(d.)   persons employed by a Party to this action whose functions require that they have access to Confidential Information in connection with the prosecution, defense, and/or settlement of this action and/or who are actively engaged in assisting that party's attorneys in the conduct of this litigation to the extent reasonably necessary to enable the attorneys for that party to render professional services in the litigation, provided that any such employee has previously signed and delivered to the party's counsel a statement substantially confirming to the form annexed hereto as Exhibit "A";

(e.)   Insurers and persons employed by an insurer of a Party to this action whose functions require that they have access to Confidential Information in connection with the prosecution, defense, and/or settlement of this action;

(f.)   The Parties and in the case of an entity, any director, officer, partner, member, manager, executive employee, or corporate representative thereof designated per Fed. R. Civ. P. 30(b)(6);

(g.)   Court personnel including stenographic, video or audio reporters engaged to record depositions in this litigation, and certified interpreters and/or translators;

(h.)   Actual witnesses and actual deponents who are parties and/or employees of parties;

(i.)     Non-party expert(s) or consultant(s) and their secretarial, technical and clerical employees (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained by outside counsel) who actively assist in the preparation of this action (an "Outside Expert"), after such Outside Expert has signed and delivered to retaining counsel a statement substantially conforming to the form annexed hereto as Exhibit "A";

(j.)     Any non-party engaged by the Parties or appointed by the Court for purposes of acting as a Discovery Referee, Special Master, and/or neutral arbitrator or mediator in any alternative dispute resolution procedures in which the Parties may participate;

(k.)     Any governmental entity with jurisdictional authority over the recipient;

(l.)     Any arbitrator or mediator if this case is submitted to arbitration or mediation;

(m.)     Law enforcement personnel; and

(n.)     Any person as ordered by the Court.

8.     If a Party believes in good faith that, despite the provisions of this Order, there is a substantial risk of identifiable harm if a particular document or portion of a document, information, or thing it designates as "Confidential" is disclosed to the non-producing Party, any Qualified Person(s), or non-party to this action, the Party may designate those particular documents as "Attorneys' Eyes Only."

9.     Any document or portion of a document designated as "Attorneys' Eyes Only," shall be subject to all of the provisions of this Order and treated the same as any document or

**Agreed Protective Order - Page 6**

portion of a document, information, or thing designated as "Confidential," except that the authorized disclosure of "Confidential Information" set forth in paragraph 7 of the Order does not apply to a document/correspondence, portion of a document/correspondence, information, or thing designated as "Attorneys' Eyes Only."  The disclosure of a document/correspondence, portion of a document/correspondence, information, or thing designated as "Attorneys' Eyes Only" ***shall be strictly limited*** as follows:  Except with prior written consent of the producing Party, any item of Confidential Information that is further designated as "Attorneys' Eyes Only" under this Order may not be disclosed to any person other than:

      (a.)    The Court and its officers;

      (b.)    Legal counsel for parties to this litigation and employees or independent contractors of outside counsel assigned to assist such counsel in preparation of this litigation;

      (c)    Outside Experts (as defined above), after such Outside Expert has signed and delivered to retaining counsel a statement substantially conforming to the form annexed hereto as Exhibit "A"; and

      (d)    Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation.

10.    No person allowed to view Confidential Information and/or Attorneys' Eyes Only information shall use any such material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of claims between the Parties in this lawsuit, and each person shall take all steps reasonably necessary to protect the confidentiality of the material.  The lists in paragraphs 7 and 9 may be expanded by mutual agreement in writing by counsel for the

**Agreed Protective Order - Page 7**

Parties.  The Parties may, by stipulation, provide for exceptions to this Protective Order and any Party may seek an order from this Court modifying this Protective Order.

11.     The provisions of this Order are without prejudice to the right of any Party to this Order to:

        (a.)     Resist or compel discovery with respect to, or seek to obtain additional or different protection for, material claimed to be protected work product or privileged under federal law, material as to which the producing Party claims a legal obligation not to disclose, or material not required to be provided pursuant to federal law;

        (b.)     Seek to modify or obtain relief from any aspect of this Order; or

        (c.)     Object to the use, relevance or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Information governed by this Order.  This Order shall not govern the use or admissibility of any evidence at trial or the procedures for using such documents or information at trial.

12.     Confidential Information and Attorneys-Eyes Only information may be referred to in interrogatories, interrogatory answers, motions, briefs, or other papers filed with the Court and may be used in depositions and oral arguments in this action, either as exhibits or as the basis for questions.   However, pleadings, briefs, or other papers quoting or discussing Confidential Information and/or Attorneys' Eyes Only information must be filed under the seal OR they shall be placed in sealed envelopes or other appropriately sealed containers on which shall be endorsed:

        a.     the style of the action;

**Agreed Protective Order - Page 8**

b.      the name of the Party submitting the sealed envelope or other appropriately sealed containing and an indication of the nature of the contents; and

c.      a statement in substantially the following form:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
NOT TO BE OPENED WITHOUT AUTHORIZATION

Such envelope or container shall not be opened without further order of the Court except by qualified persons under the terms of this Protective Order, who shall return such envelope or container to the Clerk of the Court appropriately sealed and endorsed as provided above, or pursuant to the stipulation of the producing Party.  The Parties agree to cooperate to de-designate Confidential Information to be filed in Court filings to the largest extent possible so as to minimize the necessity to file information under seal.

13.      If Confidential and/or Attorneys' Eyes Only Information is disclosed at a deposition, the designating Party shall have the right to exclude from attendance at the deposition, during the time in which the Confidential and/or Attorneys' Eyes Only information is to be discussed, any persons not entitled under this Order to receive such material.  The portions of the transcripts of all testimony designated as Confidential and/or Attorneys' Eyes Only Information shall be labeled with the appropriate designation by the reporter.  If any document or information designated as Confidential and/or Attorneys' Eyes Only pursuant to this Order is used during the course of a deposition herein, that portion of the deposition record reflecting such material shall be labeled with the appropriate designation.  To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" and/or "Attorneys' Eyes Only" with blank, consecutively numbered pages being provided in a nondesignated main transcript.  The separate transcript containing "Confidential" and/or "Attorneys' Eyes Only" information shall have page numbers that correspond to the blank pages in the main transcript.

**Agreed Protective Order - Page 9**

14.     Nothing in this Protective Order shall prevent disclosure beyond the terms of this order if each party consents to such disclosure in a writing signed by said parties or, if the Court, after notice and opportunity to be heard to all affected parties, orders such disclosures.   In addition, this Protective Order does not prevent any counsel of record from utilizing "Confidential" or "Attorneys' Eyes Only" material in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the "Confidential" or "Attorneys' Eyes Only" information, irrespective of which party produced such information.

15.     If a Party produces two or more identical or substantially identical copies of a document, one or more of which is designated as "Confidential" or "Attorneys' Eyes Only," while one or more of which lack such designation, the undesignated copies shall be afforded the same designation as the designated documents.

16.     In the event of a hearing or trial in this matter at which any Party intends to present materials designated hereunder to the Court or a jury, counsel for the Parties will meet and confer to determine what safeguards, if any, may be necessary to protect against the disclosure of the designated information or materials, and shall attempt to determine the least intrusive and burdensome means of protecting such materials during the proceeding.   Counsel for the Parties shall confer on appropriate procedures for protecting the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

17.     At trial of this case, any material ordered disclosed or which the Parties have agreed may be disclosed shall have the "Confidential" or "Attorneys' Eyes Only" stamp removed, or the document shall be copied in such a manner that the "Confidential" or "Attorneys' Eyes Only" designation is not visible on the exhibit.

**Agreed Protective Order - Page 10**

18.     The Parties recognize that, during the course of this litigation, Confidential Information and/or Attorneys' Eyes Only information that originated with a non-party and for which there exists an obligation of confidentiality may be produced.  Such information may be designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order by the non-party with which the information originated or by a Party to this Protective Order.

19.     Within ninety (90) calendar days after the conclusion of the trial and of any appeals, or upon other termination of this litigation, all Confidential Information and Attorneys' Eyes Only Information received under the provisions of this Order, shall be tendered back to the producing Party, or, at the direction of the producing Party, destroyed except to the extent that any of the foregoing includes or reflects work product of the receiving Party (which work product may be maintained by outside counsel for the Parties, but not by the Parties themselves), and except to the extent that such material has been filed with a court in which proceedings related to this action are being conducted, provided such information is stored in a manner so as to preserve its confidentiality.

20.     If at any time any Confidential Information and/or Attorneys' Eyes Only Information protected by this Order and produced in this litigation is subpoenaed from the receiving Party by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the producing Party with respect to such information and shall afford the producing Party reasonable opportunity to pursue formal objections to such disclosures.

21.     The terms of this Order shall be effective and enforceable as between the Parties immediately upon its execution by counsel for such Parties.

**Agreed Protective Order - Page 11**

22.     All persons subject to the terms of this Order, including Qualified Persons, agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

23.     Documents unintentionally produced without designation or without an appropriate designation may be retroactively designated and shall be treated appropriately from the date written notice of the designation is provided to the receiving Party.  Inadvertent disclosure of documents protected by the attorney-client privilege, work-product protection, or another applicable privilege will not constitute a waiver of any available privilege or protection by the producing Party.  Upon the request of the producing Party, the receiving Party will promptly return to the producing Party any privileged document and any copies that the receiving Party may have made. In the event that any Party to this litigation disagrees at any point in these proceedings with any claim of privilege by the producing Party, the Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the asserting Party may seek appropriate relief from this Court. During the pendency of any challenge to the privilege claim of a document, the assertion of privilege shall remain in effect.

24.     This Protective Order will not be disclosed to any jury which may be empaneled in this lawsuit, nor shall it be used as evidence or referenced in any trial or hearing, save and except a hearing which involves issues related to the enforcement of any of its terms. The foregoing AGREED PROTECTIVE ORDER is hereby **ADOPTED** and **ENTERED.**

**It is so ordered** this 28th day of July, 2016.

Sam A. Lindsay
United States District Judge

**Agreed Protective Order - Page 12**

Agreed:

  _/s/ *Anthony A. Petrocchi*_____
Anthony A. Petrocchi
Texas Bar No. 15851700
tpetrocchi@petrocchilaw.net
ANTHONY A. PETROCCHI, P.C.
5127 Spyglass Drive
Dallas, Texas 75287
(214) 797-2049 (office)
(214) 594-8205 (fax)

/s/ *Jonathan R. Childers*_____
Michael P. Lynn
Texas Bar No. 12738500
mlynn@lynnllp.com
Christopher J. Schwegmann
Texas Bar No. 24051315
cschwegmann@lynnllp.com
Jonathan R. Childers
Texas Bar No. 24050411
jchilders@lynnllp.com

**LYNN PINKER COX & HURST LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: 214.981.3800
Facsimile: 214.981.3839

**ATTORNEYS FOR PLAINTIFF AND
COUNTER-DEFENDANT REAL TIME
RESOLUTIONS, INC.**

/s/ *Johnathan E. Collins*
Robert T. Mowrey
  State Bar No. 14607500
  rmowrey@lockelord.com
Johnathan E. Collins
  State Bar No. 24049522
  jecollins@lockelord.com
Matthew K. Hansen
  State Bar No. 24065368
  mkhansen@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Telecopy)

**ATTORNEYS FOR DEFENDANT AND COUNTER-PLAINTIFF SPECIALIZED LOAN SERVICING LLC**

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **REAL TIME RESOLUTIONS, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. **3:16-CV-608-L** |
| **SPECIALIZED LOAN SERVICING** | § | |
| **LLC,** | § | |
| | § | |
| Defendant. | § | |
| | § | |

## CERTIFICATE OF ACKNOWLEDGEMENT OF AGREED PROTECTIVE ORDER

I declare that:

I have been given a copy of and have read the Agreed Protective Order ("Order") entered in the case styled Civil Action No. 3:16-CV-608-L; *Real Time Resolutions, Inc. v. Specialized Loan Servicing LLC,* in the United States District Court for the Northern District of Texas, Dallas Division.  I agree to abide by the Order and to not reveal or otherwise communicate to anyone, or use any of, the information designated as "Confidential" and/or "Attorney's Eyes Only" that is disclosed to me, except in accordance with the terms of such Order.  I hereby submit to the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division, for the purposes of enforcement of the Agreed Protective Order in this action.

Dated: _____        _____
                                       Signature of Declarant


                                       _____
                                       Printed Name

**CERTIFICATE OF ACKNOWLEDGEMENT OF AGREED PROTECTIVE ORDER        PAGE 1**

_____

Street Address 1

_____

Street Address 2

_____

City/State/Zip

_____

Telephone Number

**SUBSCRIBED AND SWORN TO BEFORE ME** by _____

on this \_\_\_\_\_ day of _____, 2016.

_____

Notary Public In And For
The State of Texas

My Commission Expires:_____