**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| REAL TIME RESOLUTIONS, INC., | § § § | |
| Plaintiff, | § § | |
| V. | § § | CAUSE NO. 3:16-cv-00608-L |
| SPECIALIZED LOAN SERVICING LLC, | § § § § | |
| Defendant. | § § | |

**PLAINTIFF/COUNTER-DEFENDANT REAL TIME RESOLUTIONS, INC.'S
DESIGNATION OF EXPERT WITNESSES**

TO: Defendant/Counter-Plaintiff Specialized Loan Servicing LLC, by and through its attorneys of record Robert T. Mowrey, Johnathan E. Collins and Matthew K. Hansen, Locke Lord LLP, 2200 Ross Avenue, Suite 2800 Avenue, Suite 2800, Dallas, Texas 75201

Plaintiff/Counter-Defendant Real Time Resolutions, Inc. ('RTR") files this *Designation of Expert Witnesses* pursuant to Federal Rule of Civil Procedure 26(a)(2) and the Court's Scheduling Order.

Respectfully submitted,

*/s/ Anthony A. Petrocchi*
Anthony A. Petrocchi
Texas Bar No. 15851700
tpetrocchi@petrocchilaw.net
ANTHONY A. PETROCCHI, P.C.
5127 Spyglass Drive
Dallas, Texas 75287
(214) 797-2049 (office)
(214) 594-8205 (fax)

/s/ *Jonathan R. Childers*
Michael P. Lynn
Texas Bar No. 12738500
mlynn@lynnllp.com
Christopher J. Schwegmann
Texas Bar No. 24051315
cschwegmann@lynnllp.com
Jonathan R. Childers
Texas Bar No. 24050411
jchilders@lynnllp.com

**LYNN PINKER COX & HURST LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: 214.981.3800
Facsimile: 214.981.3839

**ATTORNEYS FOR PLAINTIFF AND COUNTER-DEFENDANT REAL TIME RESOLUTIONS, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the October 7, 2016, a true and correct copy of the foregoing was served via ECF filing, and via email on the following counsel of record:

| | |
|---|---|
| Robert T. Mowrey<br>Johnathan E. Collins<br>Matthew K. Hansen<br>LOCKE LORD LLP<br>2200 Ross Avenue, Suite 2800<br>Dallas, TX 75201<br>(214) 740-8000 (Telephone)<br>(214) 740-8800 (Telecopy) | /s/ *Jonathan R. Childers*<br>Jonathan R. Childers |

## **DESIGNATION OF EXPERT WITNESSES AS PLAINTIFF[1]**

**RESPONSE:**

1. (1) Anthony A. Petrocchi

    ANTHONY A. PETROCCHI, P.C.
    5127 Spyglass Drive
    Dallas, Texas 75287
    tpetrocchi@petrocchilaw.net
    214) 797-2049 (office)
    214) 594-8205 (fax)

    (2-4)  Mr. Petrocchi is a principal of the law firm of Anthony A. Petrocchi, P.C.  He is expected to testify concerning the reasonableness and necessity of attorneys' fees and expenses incurred by RTR, including those incurred in pursuing the claims asserted by RTR.  Further, Mr. Petrocchi is expected to testify concerning the customary charges made by attorneys in Texas, and, in particular, in the Northern District of Texas Dallas Division, for the rendition of legal services in commercial litigation lawsuits such as this lawsuit, and also in prosecuting and/or defending claims such as those made in this matter.  Mr. Petrocchi is also expected to opine on inextricably intertwined claims and how said claims increase or decrease costs and attorneys' fees.  Further, he is expected to assess the allocation of time/services amongst the claims that may support an award of attorneys' fees and will make a proper allocation (if any).  He may also assess the time entries for efficiency and any duplication, and he may also evaluate the timekeeper's background, skill, and ability, and will evaluate the rates charged for their time.   Mr. Petrocchi is expected to testify that the attorneys' fees and expenses incurred by RTR are reasonable and necessary in light of the applicable factors.

    Mr. Petrocchi will also respond to and/or rebut the opinions of any expert on attorneys' fees and/or expenses designated by SLS, including any rebuttal opinion on reasonability and/or segregation.  He is also expected to assess the allocation of time/services amongst the claims that may support an award of attorneys' fees and will make a proper allocation.  Mr. Petrocchi is familiar with the reasonable and necessary attorneys' fees in Texas and the Northern District of Texas Dallas Division for the rendition of legal services in litigation such as this lawsuit.

    Mr. Petrocchi will testify and/or opine as to the reasonableness, necessity, and/or allocation of the fees and expenses in view of the factors considered by Texas courts and the Fifth Circuit, including those set forth in Rule 1.04(b) of Article X, section

---

[1] Through this Designation, RTR designates expert witnesses in its capacity as Plaintiff.  RTR reserves the right to amend and/or supplement this Designation, to designate experts in its capacity as Counter-Defendant, and also to designate rebuttal experts.

9 of the State Bar Rules, and the case authority regarding proper segregation of attorneys' fees.

Mr. Petrocchi may additionally testify and/or opine regarding a reasonable fee to handle any appeal of this case to the United States Court of Appeals for the Fifth Circuit. His opinions regarding any potential appeal of this case are based on his experience in handling and assisting with appeals and the work required for any such appeal in this case. Mr. Petrocchi will reach these opinions based upon the same bases as those described above.

He will also testify based upon his experience as an attorney licensed to practice in the State of Texas since 1983, as well as his review of any time entries, billing statements, or invoices rendered for legal services in this case, and his review of any testimony given in this case by any other attorney as to such fees, any engagement agreements of the parties, his review of all documents produced in this litigation and all deposition transcripts in this litigation (if any) and all exhibits thereto, his education, experience, skill, and training.

RTR reserves the right to amend and/or supplement this response when such information is discovered or when additional information is provided to Mr. Petrocchi in his capacity as an expert on attorneys' fees and expenses. RTR reserves the right to amend and/or supplement this response.

2. (1) Christopher J. Schwegmann

   Lynn Pinker Cox and Hurst LLP
   2100 Ross Avenue, Suite 2700
   Dallas, TX 75201
   cschwegmann@lynnllp.com
   Telephone (214) 981-3800
   Facsimile (214) 981-3839

(2-4) Chris J. Schwegmann is a partner at the law firm of Lynn Pinker Cox Hurst LLP. He is expected to testify concerning the reasonableness and necessity of attorneys' fees and expenses incurred by RTR, including those incurred in pursuing the claims asserted by RTR. Further, Mr. Schwegmann is expected to testify concerning the customary charges made by attorneys in Texas, and, in particular, the Northern District of Texas Dallas Division, for the rendition of legal services in commercial litigation lawsuits such as this lawsuit, and also in prosecuting and/or defending claims such as those made in this matter. Mr. Schwegmann is also expected to opine on inextricably intertwined claims and how said claims increase or decrease costs and attorneys' fees. Further, he is expected to assess the allocation of time/services amongst the claims that may support an award of attorneys' fees and will make a proper allocation (if any). He will also assess the time entries for efficiency and any duplication, and he may also evaluate the timekeeper's background, skill, and ability, and will evaluate the rates charged for

their time.  Mr. Schwegmann is expected to testify that the attorneys' fees incurred by RTR are reasonable and necessary in light of the applicable factors.

Mr. Schwegmann will also respond to and/or rebut the opinions of any expert on attorneys' fees and/or expenses designated by SLS, including any rebuttal opinion on reasonability and/or segregation.  He will also assess the allocation of time/services amongst the claims that may support an award of attorneys' fees and will make a proper allocation.  Mr. Schwegmann is familiar with the reasonable and necessary attorneys' fees in Texas and the Northern District of Texas Dallas Division for the rendition of legal services in litigation such as this lawsuit.

Mr. Schwegmann will testify and/or opine as to the reasonableness, necessity, and/or allocation of the fees and expenses in view of the factors considered by Texas courts and the Fifth Circuit, including those set forth in Rule 1.04(b) of Article X, section 9 of the State Bar Rules, and the case authority regarding proper segregation of attorneys' fees.

Mr. Schwegmann may additionally testify and/or opine regarding a reasonable fee to handle any appeal of this case to the United States Court of Appeals for the Fifth Circuit.  His opinions regarding any potential appeal of this case are based on his experience in handling and assisting with appeals and the work required for any such appeal in this case.  Mr. Schwegmann will reach these opinions based upon the same bases as those described above.

He will also testify based upon his experience as an attorney licensed to practice in the State of Texas since 2005, as well as his review of any time entries, billing statements, or invoices rendered for legal services in this case, and his review of any testimony given in this case by any other attorney as to such fees, any engagement agreements of the parties, his review of all documents produced in this litigation and all deposition transcripts in this litigation (if any) and all exhibits thereto, his education, experience, skill, and training.

RTR reserves the right to amend and/or supplement this response when such information is discovered or when additional information is provided to Mr. Schwegmann in his capacity as an expert on attorneys' fees and expenses.  RTR reserves the right to amend and/or supplement this response.

RTR reserves the right to amend and/or supplement its designation of expert witnesses, including after it receives all outstanding discovery from SLS.  It also reserves the right to call as a witness any person designated as an expert by any other party.  Additionally, it reserves the right to call, as a hostile witness, or to seek rebuttal expert opinions by way of cross-examination or otherwise from any individual designated as an expert witness at any time by any other party to this lawsuit.  RTR's reservation of rights to elicit such testimony from any persons designated as an expert by SLS is subject to and without waiver of its right to challenge any such designated expert under the Federal Rules of Evidence and/or Procedure and the Court's Scheduling Order.