IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REAL TIME RESOLUTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 3:16-cv-00608 |
| | § | |
| SPECIALIZED LOAN SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ANSWER TO DEFENDANT'S FIRST AMENDED COUNTERCLAIM

REAL TIME RESOLUTIONS, INC., Plaintiff in the above-styled and numbered cause, files this Plaintiff's Answer to Defendant Specialized Loan Servicing, LLC's First Amended Counterclaim, and for same would show the Court as follows:

1.   Plaintiff Real Time Resolutions, Inc. ("RTR" or "Plaintiff") admits the allegations set forth in Section A, paragraphs 1 and 2 of the First Amended Counterclaim (the "Counterclaim") of Defendant Specialized Loan Servicing, LLC ("SLS" or "Defendant").

2.   RTR admits that venue is proper in the Northern District of Texas, but denies the remaining allegations of paragraph 3 of the Counterclaim.

3.   RTR admits that it entered into a Collection Agreement with SLS with an effective date of February 1, 2013 as alleged in paragraph 4 of the Counterclaim. The terms of that agreement speak for themselves. To the extent the allegations set forth in paragraphs 4, 5, 6, and 7 of the Counterclaim modify, paraphrase incompletely, or vary in any material way from the terms of the Collection Agreement, those allegations are denied.

4. RTR admits that it received a written notice of non-extension from SLS as alleged in paragraph 8 of the Counterclaim, but denies that a copy of that document was attached to the pleading filed upon RTR's counsel. RTR denies the remaining allegations of paragraph 8 of the Counterclaim.

5. RTR denies the allegations set forth in paragraphs 9 and 10 of the Counterclaim.

6. Paragraph 11 of the Counterclaim contains no substantive allegation, asserting incorporation and re-allegation of previous allegations. Accordingly, in response, RTR incorporates its responses to each of those referenced allegations.

7. RTR admits the allegations set forth in paragraph 12 of the Counterclaim.

8. RTR denies the allegations set forth in paragraph 13 of the Counterclaim that SLS has met it obligations under the Collection Agreement.

9. RTR denies the allegations set forth in paragraphs 14 through 17, including denial that RTR has breached any provision or term of the Collection Agreement and that SLS is entitled to any relief as requested therein.

10. Paragraph 18 of the Counterclaim contains no substantive allegation, asserting incorporation and re-allegation of previous allegations. Accordingly, in response, RTR incorporates its responses to each of those referenced allegations.

11. RTR denies that SLS is entitled to any relief under either FED.R.CIV.P. 57 or 28 U.S.C. §§2201, 2202 as alleged in paragraph 19 of the Counterclaim.

12.  As set forth more particularly in its live pleading for affirmative relief before this Court, RTR denies that the Collection Agreement should be interpreted as alleged in paragraph 20 of the Counterclaim.

13.  Paragraph 21 of the Counterclaim contains no substantive allegation, asserting incorporation and re-allegation of previous allegations. Accordingly, in response, RTR incorporates its responses to each of those referenced allegations.

14.  RTR denies that SLS is entitled to any recovery for attorney' fees under Fed.R.Civ.P. 57, 28 U.S.C. §§2201, 2202, or Section 9.5 of the Collection Agreement as alleged in paragraph 22 of the Counterclaim.

15.  RTR denies that SLS is entitled to any of the relief sought in the prayer of the Counterclaim.

16.  To the extent any allegation or request for relief set forth in the Counterclaim has not been expressly admitted herein, any such allegation or request is denied.

### AFFIRMATIVE DEFENSES

17.  SLS' claims are barred because they fail to state a claim upon which relief can be granted.

18.  SLS' claims are barred in whole or in part by the statute of frauds, parol evidence rule, and merger.

19.  SLS' attorneys' fees are not recoverable, reasonable, or necessary.

20.  SLS' claims are subject to and/or barred by the terms of applicable contracts.

21.  SLS has not incurred any injury or damage.

22.     RTR's conduct was not a proximate cause of any of the damages SLS alleges to have incurred in the Counterclaim.

23.     SLS' claims are barred in whole or in part by SLS' prior material breach of the contract.

24.     RTR reserves the right to assert such other and further defenses as may become appropriate.

WHEREFORE, Plaintiff Real Time Resolutions, Inc. prays that Defendant Specialized Loan Servicing, LLC take nothing by its First Amended Counterclaim, that the Court enter a declaratory judgment in favor of Plaintiff, that Plaintiff have and recover judgment from and against Defendant for any monetary damages caused by Defendant's breach of contract, pre-judgment and post-judgment interest on all monetary relief sought at the highest rates allowed by law, costs of court, and reasonable attorneys' fees for prosecuting claims herein and defendant against Defendant's counterclaims pursuant to the terms of the Collection Agreement and the Texas and Federal Declaratory Judgment Acts, and for such other and further relief, both at law and in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

_____
Anthony A. Petrocchi
Texas Bar No. 15851700
tpetrocchi@petrocchilaw.net
ANTHONY A. PETROCCHI, P.C.
5127 Spyglass Drive
Dallas, Texas 75287
(214) 797-2049 (office)
(214) 594-8205 (fax)

/s/ Christopher J. Schwegmann
Michael P. Lynn
Texas Bar No. 12738500
mlynn@lynnllp.com
Christopher J. Schwegmann
Texas Bar No. 24051315
cschwegmann@lynnllp.com
Jonathan R. Childers
Texas Bar No. 24050411
jchilders@lynnllp.com

**LYNN PINKER COX & HURST LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: 214.981.3800
Facsimile: 214.981.3839

ATTORNEYS FOR PLAINTIFF
REAL TIME RESOLUTIONS, INC.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Plaintiff's Answer to Defendant's First Amended Counterclaim has been served upon counsel for Defendant, Robert T. Mowrey (rmowrey@lockelord.com), and Matthew K. Hansen (mkhansen@lockelord.com), Locke Lord L.L.P., 2200 Ross Avenue, Suite 2200, Dallas, Texas 75201, by electronic service on the 22nd day of March, 2017.

_____