**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| REAL TIME RESOLUTIONS, INC., § § | | |
| Plaintiff/Counter-Defendant, § § | | |
| V. § § | Civil Action No. 3:16-cv-00608-L | |
| SPECIALIZED LOAN SERVICING LLC, § § § § | To the Honorable United States Magistrate Judge | |
| Defendant/Counter-Plaintiff. § | | |

_____

**APPENDIX IN SUPPORT OF REAL TIME RESOLUTIONS, INC.'S
MOTION FOR RECONSIDERATION OF ORDER FROM MAGISTRATE JUDGE**
_____

| Exhibit A | Declaration of Eric Green | App. 3 – App. 5 |
|---|---|---|

| | |
|---|---|
| DATED: January 23, 2017 | Respectfully submitted, |
| | /s/ *Anthony A. Petrocchi* |
| | Anthony A. Petrocchi |
| | Texas Bar No. 15851700 |
| | tpetrocchi@petrocchilaw.net |
| | **ANTHONY A. PETROCCHI, P.C.** |
| | 5127 Spyglass Drive |
| | Dallas, Texas 75287 |
| | Telephone: (214) 797-2049 |
| | Facsimile:  (214) 594-8205 |
| | |
| | - and - |
| | |
| | /s/ *Jonathan R. Childers* |
| | Michael P. Lynn |
| | Texas Bar No. 12738500 |
| | mlynn@lynnllp.com |
| | Christopher J. Schwegmann |
| | Texas Bar No. 24051315 |
| | cschwegmann@lynnllp.com |
| | Jonathan R. Childers |
| | Texas Bar No. 24050411 |
| | jchilders@lynnllp.com |
| | **LYNN PINKER COX & HURST, LLP** |
| | 2100 Ross Avenue, Suite 2700 |
| | Dallas, Texas 75201 |
| | Telephone: (214) 981-3800 |
| | Facsimile:  (214) 981-3839 |
| | |
| | **ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT REAL TIME RESOLUTIONS, INC.** |

## CERTIFICATE OF SERVICE

I certify that on January 23, 2018, a true and correct copy of the foregoing was served on all counsel of record via the Court's ECF system and e-mail.

/s/ *Jonathan R. Childers*
Jonathan R. Childers

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REAL TIME RESOLUTIONS, INC.,** | § § § | |
| Plaintiff/Counter-Defendant, | § § | |
| V. | § § | Civil Action No. 3:16-cv-00608-L |
| **SPECIALIZED LOAN SERVICING LLC,** | § § § | |
| Defendant/Counter-Plaintiff. | § § | |

___

**DECLARATION OF ERIC GREEN**
___

My name is Eric Green, my date of birth is November 7, 1954, and my business address is 1349 Empire Central Drive, Suite 150, Dallas, Texas 75247, United States of America. I declare under penalty of perjury that the following is true and correct:

1. I am the Chief Executive Officer of Real Time Resolutions, Inc. ("RTR"). I am familiar with the business dealings and operations of RTR, and am authorized to affirm the validity of documents for RTR. I am of sound mind, and I am fully competent to make this declaration and to testify to the matters stated herein. I have personal knowledge of the facts stated herein and affirm that they are true and correct.

2. I have reviewed the factual allegations contained in *Real Time Resolutions, Inc.'s Motion for Reconsideration of Order from Magistrate Judge* (the "Motion for Reconsideration") and those contained in *Real Time Resolutions, Inc.'s Specific Limited Objection to Order from Magistrate Judge* (the "Objection to Order"). The factual statements contained in both the Motion for Reconsideration and the Objection to Order are true and correct and are based upon my personal knowledge.

3. In particular, RTR is a loan servicer and debt collection agency that conducts services for Bank of America, and has done so continuously since August of 2000. The Charged Off Loans which are the subject of the dispute in this case between RTR and Specialized Loan Services LLC were previously collected by RTR for Bank of America prior to February 2013 (the "Charged Off Loans"). The Charged Off Loans previously transferred by Bank of America to RTR were then left with RTR by Bank of America in February of 2013 so that they could become subject to a collection agreement with SLS. Accordingly, those Charged Off Loans are now being serviced by RTR for SLS.

4. I have been provided with and reviewed the Order signed by Magistrate Judge Paul D. Stickney on January 9, 2018 [Doc. 144], particularly with respect item 6 which states that RTR

should produce, "communications between the Prior Servicer [Bank of America] and RTR since SLS and RTR entered the 213 Collection Agreement, which are in RTR's possession, custody, or control", as well as with respect to item 1, which concerns the Collection Agreement RTR is to produce.

5. Bank of America engages RTR to service more of Bank of America's numerous mortgage related charged off loans than any other collection agency. RTR also is in the ongoing process of negotiating with and has proposals outstanding to Bank of America for additional collection services with respect to other types of Bank of America charge offs. These other ongoing business relationships and negotiations between RTR and Bank of America have no relationship with either SLS or the Charged Off Loans which are the subject of this suit. In fact, Bank of America does not appear to have any ongoing servicing or similar interests in the Charged Off Loans since Bank of America transferred the master servicing rights associated with those loans to SLS in February of 2013. The operations of SLS also include debt collection services, and RTR and SLS are direct competitors with respect to the performance of debt collections servicing.

6. Item 6, unlike the other items addressed in the Order appears to be unrestricted as to the subject of communications between RTR and Bank of America. Preliminary review of RTR's documents indicates that there are approximately 100 to 200 communications between RTR and Bank of America that relate to: (a) the 2013 Collection Agreement between SLS and RTR; (b) the relationship between SLS and RTR; and/or (c) the communications between Bank of America and RTR that relate to the Charged Off Loans and/or SLS. This consistent with the fact that SLS has produced in this case less than a total of 75 emails between: (a) SLS and Bank of America; (b) SLS and Green Tree Servicing; and (c) SLS and Assured Guaranty, Ltd., the company that insured the bonds that own the Charged Off Loans. However, that same preliminary review indicates that there are over 90,000 emails that concern other business between those Bank of America and RTR that does not relate to: (a) the 2013 Collection Agreement between SLS and RTR; (b) the relationship between SLS and RTR; or (c) communications between Bank of America and RTR that relate to the Charged Off Loans and/or SLS.

7. As with the agreement between Bank of America and RTR that covers RTR's collection of the Charged Off Loans prior to SLS's involvement with those Charged Off Loans, the unrelated agreements and communications between RTR and Bank of America with respect to same are subject to a restriction imposed upon RTR to keep those matters confidential.

8. Production of the voluminous communications between RTR and Bank of America that have no relationship to the Charged Off Loans or SLS as described above, in addition to having no relationship to the transactions involved in this suit and being subject to contractual confidentiality restrictions, would impose extremely burdensome requirements upon RTR, RTR employees and counsel would be required to review each email communication for the purposes of determining content, evaluation for applicable privileges, and responsiveness in compliance with the Order. RTR would further be required to involve Bank of America in such privilege and protection discussions, as well as anticipate a review and evaluation by its counsel. RTR would not able to complete such a process within the 30-day period set forth in the Order. I estimate those tasks would take closer to 6 months to complete.

9. With respect to item 1 of the Order, RTR's initial pleading inadvertently and incorrectly references a 2008 General Servicing Agreement (the "2008 GSA") between Bank of America and RTR. That 2008 GSA was replaced and superseded by a General Servicing Agreement in 2010 (the "2010 GSA"). RTR addressed this issue on June 15, 2016 and on other occasions in its discovery requests, in its discovery responses on May 23, 2016, through discussions with opposing counsel, and in my deposition dated April 25, 2017. There is only one operating Statement of Work, which has been previously produced in this case to SLS's counsel, and only one operative General Services Agreement, which is the 2010 GSA, which was produced to SLS's counsel pursuant to what RTR believed was an understanding between SLS and RTR which allowed for some redactions of unrequested portions of the 2010 GSA.

Executed in Dallas County, State of Texas, on the 23rd day of January 2018.

_____
Eric Green
Chief Executive Officer
Real Time Resolutions, Inc.